IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PERRY KING,

                Petitioner,

   v.

RANDY KEYES,

                Respondent.

OPINION and ORDER

22-cv-248-jdp

---

Perry King, appearing pro se, is a prisoner at the Federal Correctional Institution in Oxford, Wisconsin. King has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his federal conviction for possession of a firearm by a felon. King pleaded guilty after reaching a plea agreement stating that he qualified as an armed career criminal under the Armed Career Criminal Act based on four prior convictions. The court sentenced King to 188 months' imprisonment. King contends that he is entitled to habeas relief because he no longer has three convictions that qualify as predicate offenses under the ACCA. King's petition is now fully briefed.[1] I will stay the petition. As the law currently stands, King cannot obtain relief under § 2241 because his petition does not raise an argument that was previously unavailable to him when he previously filed a motion to vacate his sentence under 28 U.S.C. § 2255. But because the United States Supreme Court is currently considering a case that may change under what circumstances petitioners may file § 2241 petitions under the "savings clause" of 28 U.S.C. § 2255, I will stay the case until the Supreme Court decides that case.

---

[1] King filed a motion for an extension of time to file his reply, Dkt. 12, and he followed with his reply, Dkt. 13. I will grant King's motion and consider his reply.

BACKGROUND

In 2013, King was charged with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) and intent to deliver a controlled substance in violation of 18 U.S.C. § 824(a)(1). *See United States v. King*, Case No. 13-cr-50063 (N.D. Ill.). King agreed to plead guilty to the felon-in-possession count. In a plea agreement, the parties agreed that King qualified as an armed career criminal under the Armed Career Criminal Act (ACCA) based on (1) a 1997 conviction of possession with intent to deliver a controlled substance; (2) a 1997 conviction of aggravated battery; (3) a 2005 conviction of domestic battery; and (4) a 2008 conviction of aggravated battery. The agreement also contained a waiver of appellate rights and collateral relief rights. He was sentenced to a 188-month term of incarceration. Consistent with the appellate waiver in his plea agreement, King did not appeal his conviction or sentence.

In June 2016, King filed a motion under 28 U.S.C. § 2255 to vacate his sentence, stating that he no longer had three predicate offenses for an enhanced sentence under the ACCA. *See United States v. King*, Case No. 16-cv-50196 (N.D. Ill). He challenged all three of his battery convictions but he conceded that his drug conviction was still a serious drug offense. The government conceded that his 2008 aggravated battery conviction no longer qualified as a violent felony, but the court upheld his other two battery convictions as violent felonies, leaving him with three predicate offenses, enough to qualify him as an armed career criminal. *See* Dkt. 11 in Case No. 16-cv-50196. The court denied his § 2255 motion.

In 2019, King filed a § 2241 motion challenging his felon-in-possession conviction under *Rehaif v. United States*, 136 S. Ct. 2243 (2019), which I denied. *King v. Marske*, No. 19-cv-937-jdp, 2020 WL 8665300 (W.D. Wis. Nov. 3, 2020). In 2021 King filed a motion for compassionate release under the First Step Act, in part arguing that Illinois convictions for

2

certain drug offenses could no longer serve as predicate offenses under the Armed Career Criminal Act. The court denied King's motion. King then filed the § 2241 motion currently before this court.

ANALYSIS

In King's latest § 2241 motion, he argues that his Illinois drug conviction no longer qualifies as a serious drug offense for purposes of the ACCA, citing *Mathis v. United States*, 579 U.S. 500 (2016) (prior conviction counts as predicate crime for ACCA only if its elements are the same as or narrower than the generic offense); and *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020) (Illinois drug offense does not qualify as serious drug offense because it punishes conduct broader than federal law punishes).

Respondent contends that the petition should be dismissed for two reasons: (1) King waived his right to postconviction relief; and (2) King is ineligible for relief under § 2241 because he could have raised his argument about the Illinois drug conviction in his original § 2255 motion. I need not consider the waiver argument because—as the law stands now—King cannot bring his claim in a § 2241 petition.

Federal prisoners generally must challenge their convictions on direct appeal or under 28 U.S.C. § 2255 in the district court in which they were convicted. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). A federal prisoner may challenge a conviction under § 2241 only if § 2255 is "inadequate or ineffective to test the legality of his detention." *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). To invoke the § 2255(e) savings clause and proceed under § 2241, a petitioner must: (1) be relying on a new case of statutory interpretation; (2) show that the new rule applies retroactively and could not have

been invoked in his first § 2255 motion; and (3) show that the error is grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant. *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017); *Light v. Caraway*, 761 F.3d 809, 812–14 (7th Cir. 2014); *In Re Davenport*, 147 F.3d 605, 611–12 (7th Cir. 1998).

King's petition appears to be doomed by the second prong: he cannot show that his argument was "previously unavailable" to him. King argues that it would have been futile for him to raise an argument that his Illinois drug conviction did not qualify as a serious drug offense because *Mathis* and *Ruth* had not yet been issued by the time he filed his § 2255 motion. That is technically accurate but somewhat misleading. King filed his § 2255 motion two days before *Mathis* was issued, and he had almost a year to attempt amending his petition before it was denied in June 2017. Nonetheless I will accept that he could not have cited *Mathis* or *Ruth* in his original § 2255 motion.

An argument was previously unavailable if it "would have been futile" to raise the argument because the law of the circuit in which the petitioner was convicted was "squarely against" the petitioner. *Beason v. Marske*, 926 F.3d 932, 936 (7th Cir. 2019); *see also Chazen v. Marske*, 938 F.3d 851, 862–63 (7th Cir. 2019) (looking to the law of the circuit of conviction to determine whether an argument was available to a § 2241 petitioner at the time he sought § 2255 relief); *Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007) ("Only if the position is foreclosed (as distinct from not being supported by—from being, in other words, novel) by precedent" can a petitioner satisfy the second prong of the savings-clause test.

King's argument that Illinois drug statutes are broader than the federal definition of felony drug offenses was not foreclosed by Seventh Circuit law at the time of his conviction. King has cited no cases from the Seventh Circuit that had addressed that question at the time

4

of his § 2255 motion, let alone a case that decided the issue against King's position. Nor has King cited to any case that would have foreclosed his argument by analogy.

To the contrary, the Court of Appeals for the Seventh Circuit has explained that no decisions from the Supreme Court or Seventh Circuit foreclosed the argument that the "categorical approach" should be used to determine whether a drug conviction qualifies as a prior felony drug conviction. *See United States v. Nebinger*, 987 F.3d 734, 742 (7th Cir. 2021) (petitioner could have argued "that his state drug conviction did not qualify as [a federal] predicate under the categorical approach in the district court or in the first appeal in 2017. Nothing in either Supreme Court or Seventh Circuit precedent foreclosed it or even made it a long shot."); *Liscano v. Entzel,* 839 F. App'x 15, 16–17 (7th Cir. 2021) (affirming dismissal of § 2241 petition because petitioner "could have obtained in 2003 or 2009 a decision on the same line of argument [that sentence was improperly enhanced based on Illinois drug convictions] that he presents now," and noting that "*Mathis* was not exactly a bolt from the blue."); *Brown v. Williams*, No. 19-2331, 2021 WL 2815409, at *2 (7th Cir. May 19, 2021) (affirming dismissal of § 2241 because "a *Mathis*-type claim about the divisibility of a [state drug] statute has long been available to litigants who, like Brown, were sentenced in the Seventh Circuit"); *see also Williams v. Marske*, No. 21-cv-724-jdp, 2022 WL 326104, at *1 (W.D. Wis. Feb. 3, 2022) (dismissing § 2241 petition because petitioner was not foreclosed from making a *Mathis*- or *Ruth*-type challenge to use of prior Illinois drug conviction to enhance his sentence).

The bottom line here is that King could have challenged his 1997 drug conviction by raising the same argument that the petitioners raised in *Ruth*—that his Illinois drug conviction did not qualify as a federal predicate offense under the categorical approach. King could have

5

made the argument at his plea hearing or in his § 2255 motion. That argument was not foreclosed by Seventh Circuit law at the time of King's criminal case, so under the current state of the law, King cannot use § 2255(e)'s savings clause to obtain relief under § 2241.

However, I will not yet deny King's petition. The United States Supreme Court is currently considering a case that may change under what circumstances petitioners may file § 2241 petitions under the savings clause, *Jones v. Hendrix*, S. Ct. Case No. 21-857. Because it is possible that the decision in Jones could affect the analysis above, I will stay the case until the Supreme Court decides *Jones*.

King also filed motions for an expedited ruling, Dkt. 4: Dkt. 5: Dkt. 6, that I will deny as moot.

ORDER

IT IS ORDERED that:

1. Petitioner Perry King's motion for extension of time to file his reply, Dkt. 12, is GRANTED.

2. This case is STAYED and ADMINISTRATIVELY CLOSED pending the Supreme Court's decision in *Jones*.

3. King's motions for an expedited ruling, Dkt. 4; Dkt. 5: Dkt. 6, are DENIED.

Entered March 13, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge