IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PERRY KING,

                              Petitioner,

    v.

RANDY KEYES,

                              Respondent.

ORDER

22-cv-248-jdp

---

Perry King, appearing pro se, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his federal conviction for possession of a firearm by a felon. He contends that he is entitled to habeas relief because he no longer has enough convictions that qualify as predicate offenses under the Armed Career Criminal Act. I concluded that King could not obtain relief as the law currently stood because his petition did not raise an argument that was previously unavailable to him when he previously filed a motion to vacate his sentence under 28 U.S.C. § 2255. Dkt. 16. But I stayed a ruling pending a decision by the United States Supreme Court in *Jones v. Hendrix*, S. Ct. Case No. 21-857, because it was possible that the decision in *Jones* could change under what circumstances petitioners may file § 2241 petitions under the "savings clause" of 28 U.S.C. § 2255. *Id.* After the Supreme Court issued its decision in *Jones*, I dismissed King's petition because that decision further restricted the circumstances under which prisoners could seek habeas relief under 28 U.S.C. § 2241. Dkt. 18 (citing *Jones*, 143 S.Ct. 1857, 1869 (June 22, 2023) (federal prisoners who have previously moved to vacate their sentence under § 2255 cannot use the savings clause to file a § 2241 petition based on a new interpretation of a statute)).

Now King has filed a motion to alter or amend the judgment, Dkt. 20, but nothing in his motion persuades me that I was incorrect in either part of my analysis. Even before *Jones*, the law of the Seventh Circuit prohibited King from filing a § 2241 petition involving issues he could have raised in a § 2255 motion, and after the *Jones* decision it is clear that he cannot bring his statutory-interpretation argument in a § 2241 petition. So I will deny his motion to alter or amend the judgment.

ORDER

IT IS ORDERED that petitioner Perry King's motion to alter or amend the judgment, Dkt. 20, is DENIED.

Entered September 19, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge